City of Chicago v. Doolan.

---

## City of Chicago v. Annie Doolan.

1. Personal Injuries—*Of Insane Persons Unable to Testify—Exercise of Ordinary Care.*—Where the plaintiff in an action for personal injuries is insane, confined in a hospital at the time of the trial, and unable to be present and testify in her own behalf, it is proper to introduce in her behalf evidence as to her habits tending to show that at the time of her injury she was probably exercising ordinary care for her personal safety. The rule applied in cases where injured persons have died since their injuries, is applicable to one whose mental condition has become such that testimony from him or her is not obtainable.

2. DAMAGES—*Where $9,000 is Excessive.*—Where a young woman sustained injuries by reason of a fall upon a sidewalk and was alleged to have sustained a permanent dislocation, and other injuries which rendered it impossible, or very improbable, that she would be able, at any time during her life, to bear children, a judgment for $9,000 is excessive.

3. REMITTITUR—*Of Excessive Damages—Suggestion of, in the Appellate Court.*—In an action for personal injuries pending on appeal in the Appellate Court, where, under the circumstances developed by the evidence, the court regards the recovery as excessive, it may affirm the same on condition that the excess be remitted by a day named, otherwise reverse and remand it.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed on remittitur. Opinion filed December 24, 1901.*

**Statement.**—This was a suit to recover damages alleged to have been sustained by appellee December 1, 1897, in consequence of alleged negligence in failing to maintain a sidewalk in proper condition on Root street in the city of Chicago. A declaration was first filed February 23, 1898.

The declaration avers that appellee fell upon this sidewalk, whereby she suffered a severe laceration of one of her kidneys and sustained a shock to her spine and nervous system, and other "injuries, hurts and bruises, external and internal," and is permanently injured, and has suffered great and constant pain since her injury.

An amendment filed March 21, 1900, is as follows:

"And plaintiff, Annie Doolan, then and there sustained severe and permanent dislocation and injuries to her uterus or womb, which made it impossible, or very improbable that she be able, at any time during her life, to bear children, and said injuries then and there sustained have caused her to become insane, which condition is permanent and incurable, and which has necessitated her confinement in a State asylum for the insane."

A plea of the general issue was filed to said declaration, and a trial had in the Superior Court, which resulted in a verdict and judgment for appellee for the sum of $9,000, to

---

* Remittiture filed and cause affirmed December 28, 1901.

reverse which judgment this appeal is taken. On the trial appellee did not testify, being at that time confined in a State asylum for the insane.

Andrew J. Ryan and George E. Gorman, attorneys for appellant; James J. Kelly, of counsel.

Edward Maher and Charles W. Lamborn, attorneys for appellee.

Mr. Justice Waterman delivered the opinion of the court.

At the trial there was evidence tending to show that appellee was under the influence of liquor at the time she fell upon the sidewalk, but it was not such that we can say that therefore the jury should have found her guilty of contributory negligence which occasioned the fall.

Being at the time of the trial insane, and consequently unable to testify, it was proper upon the part of the plaintiff to introduce evidence as to her habits, tending to show that at the time of the injury she was probably exercising ordinary care.

We think that the rule applied in cases where injured persons have died since the accident is applicable to one whose mental condition is such that testimony from him or her is not obtainable.

She was adjudged insane on the 25th of January, 1900. The answers of the jury under the head of family history contains the following: " Previous attack. First time she was ever affected. Assigned cause, womb trouble. Present attack started three weeks ago." The verdict declares that her disease is of three weeks' duration; that the cause is unknown. She was ordered to be confined at Kankakee and was there at the time of the trial.

Under the evidence there is a good deal of doubt as to whether the injury to her was permanent, or her insanity caused thereby.

The case was tried upon the part of the plaintiff upon the theory that her insanity is permanent. Under the circumstances developed by the evidence we regard the judg-

ment of $9,000 as excessive. The action brought was not for a *solatium* to her husband or other kin, but for damage by her sustained.

If the husband has sustained damages by reason of the injury to his wife they can not be recovered in this action.

If the plaintiff shall within ten days remit from the judgment all in excess of $5,000 it will be affirmed for that sum, otherwise it will be reversed and the cause remanded. Affirmed on remittitur.