## G. W. DAVIS

*v.*

### ANTHONY PFEIFFER.

*Opinion filed December 22, 1904.*

SPECIFIC PERFORMANCE—*when bill for specific performance can not be maintained.* A contract for the purchase of land, from which it appears that the land has been sold to two persons and that the conveyance is to be made to both, cannot be made the basis of a bill by one to compel conveyance of entire title to that one.

APPEAL from the Circuit Court of St. Clair county; the Hon. R. D. W. HOLDER, Judge, presiding.

W. L. COLEY, and D. J. SULLIVAN, for appellant.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This was a bill filed in the circuit court of St. Clair county by Davis to reform a written instrument, which he regards as a contract for the sale of real estate, and to compel the specific performance of the contract as reformed. Pfeiffer was the sole defendant. A hearing was had before the chancellor upon bill, answer and replication. The bill was dismissed for want of equity, and Davis appeals.

The instrument in question, as signed, is in the words and figures following, to-wit:

"EAST ST. LOUIS, *May 21, 1903.*

"Received of G. W. Davis and H. A. Vrooman $200, to be applied to part payment of the purchase price of the following described real estate, situated in St. Clair county, Illinois, to-wit: The S. W. quarter of the N. E. quarter and W. half of N. W. quarter of N. E. quarter of Sec. (28), containing 60 acres, lot 16*a* containing 34.63 acres, acquired by Francis Parady, by deed recorded * * * lot 15 containing nine acres; lot 17, containing 30 acres * * * all of said lots being in the south half of section 28, as platted and recorded, plat book A, 256; lot 1 *or* 2 in the division of Nick Toupenot's land, as platted in the office of the circuit clerk of said county, chancery record 'F,' 341, being part of the S. W. quarter of said Sec. 28; * * * also the N. W. fractional quarter of Sec. 33, containing 22.88 acres; all of said land being in township 2 north, range 9 west, aggregating about 162 acres. At the price of $15,000, on the following terms, namely: $800 in thirty days, and $1000 in ninety days thereafter; balance of $13,000 to be secured by mortgage on said property with satisfactory release clauses. Mortgage to run three years from date at five per cent. Present rents or crop to be adjusted to June 1. The purchaser to pay taxes of 1903. Title being good, failure of said purchaser to make payments as above required, this contract to be void and the above payment to be forfeited, time being the essence of this contract, and upon a failure of the undersigned to deliver good title to the said property within the time above specified, then the above payment shall be returned.

ANTHONY PFEIFFER,
G. W. DAVIS."

The bill, which was filed by Davis alone, avers that the word "or," which we have above italicized in the instrument, was written therein, by a mistake of the scrivener, instead of the word "and," which should have been there written. The reformation sought is the substitution of the word "and" for that word "or."

The bill represents that Davis made tender, at the proper place and times, of the $800 which was to be paid in thirty days, and of the $1000 which was to be paid in ninety days, but that Pfeiffer was not present, nor was anyone present representing him, to receive the money so tendered, and that after the time of the making of the second tender Pfeiffer refused to carry out the terms of the written instrument, and the bill tenders into court $1800 the first two deferred payments, prays that Pfeiffer be decreed to convey the premises

to Davis by a good and sufficient deed of conveyance, and the complainant offers by the bill to specifically perform the agreement on his part.

In considering this case we have not had the assistance of brief or argument on behalf of appellee. There is difficulty in determining from this contract whether Pfeiffer, individually and alone, agreed to convey any real estate. The document recites the payment by Davis and Vrooman of $200, and provides that upon the failure of the "undersigned" to deliver good title within the time fixed, then the above payment shall be returned. Pfeiffer and Davis both sign it, and are both comprehended by the word "undersigned." It therefore appears that Davis and Vrooman have paid $200 to Pfeiffer and Davis, and Pfeiffer and Davis agree that if they fail to deliver good title, then they will return to Davis and Vrooman the payment made.

Other uncertainties appear on the face of this document, but we prefer to place the decision of the cause upon another ground. The instrument does not expressly provide to whom the title is to be conveyed or who the purchasers are, and not being definite in that respect, we can only infer from its language that the purchasers were Davis and Vrooman, and that the title was to be conveyed to both. There is nothing in the terms of the writing from which any conclusion can be drawn that they did not contribute equal amounts to the payment of the $200 that was paid down, or that they were not equally bound for the payment of the deferred payments, or that they were not equally interested as purchasers in the transaction.

It is too plain for argument that where a contract for the purchase of real estate recites that the real estate has been sold to two persons, and that the conveyance is to be made to both that a bill cannot be maintained by one to compel the vendor to convey the entire title to that one.

The decree of the circuit court will be affirmed.

*Decree affirmed.*