(No. 17886.—Decree affirmed.)
EFFIE OSBORNE, Appellant, *vs.* JAMES OSBORNE *et al.* Appellees.

*Opinion filed April 20, 1927.*

1. CO-TENANTS—*parties named as vendees are presumed tenants in common.* Where two or more parties are designated as vendees in a contract for a conveyance the law presumes that they are intended to take equal shares as tenants in common; but this presumption may be overcome by evidence in rebuttal.

2. EVIDENCE—*presumptions cannot prevail against facts.* Presumptions are indulged in only to supply the place of facts, and where evidence is introduced which is contrary to the presumption the presumption must give way.

3. CONTRACTS—*when wife's petition for execution of deceased vendor's contract to convey to herself and husband must be dismissed.* Where a wife named as vendee with her husband in a contract for a conveyance seeks by petition under section 2 of the statute for the execution of contracts of deceased persons to have her alleged one-half interest conveyed to her by the deceased vendor's representatives, upon the death of the petitioner's husband his heirs may introduce in evidence a bill of the wife for divorce and alimony, in which she alleged she had no interest in the property in question and that her husband was owner in fee simple; and such evidence, uncontradicted, overcomes the presumption that the wife was to take as co-tenant with her husband and her petition for execution of the contract must be dismissed.

APPEAL from the Circuit Court of Cook county; the Hon. IRA RYNER, Judge, presiding.

MACON H. HUGGINS, and EVERETT SIMPSON, (WALTER M. FARMER, of counsel,) for appellant.

RYAN, CONDON & LIVINGSTON, KIRKLAND, PATTERSON & FLEMING, ALFRED ROY HULBERT, and FRED B. SILSBEE, for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Appellant, Effie Osborne, filed her petition in the circuit court of Cook county under section 2 of chapter 29 of the statutes, alleging that William Netstraeter had died without executing and delivering a deed to her and her husband, James Osborne, as he had agreed to do by a certain contract in writing dated March 1, 1919, which named appellant and her husband as vendees. Shortly thereafter Osborne died, and the executor of his estate and his heirs-at-law entered their appearance and filed their answer, denying appellant's right to have conveyed to her an undivided one-half interest in the two lots covered by the contract and asking that the whole title be conveyed to the heirs of Osborne. The chancellor dismissed appellant's petition for want of equity, and she appealed.

Where conveyance is made to two or more parties without designating the portion each is to take, the law presumes that they are intended to take equal shares and they will be considered tenants in common, with equal interests. (*Keuper* v. *Mette,* 239 Ill. 586.) This rule is applicable to an agreement to sell where two persons are named vendees. (*Davis* v. *Pfeiffer,* 213 Ill. 249.) This presumption is not, however, evidence in itself but is a mere legal conclusion from facts proven, which may be rebutted by evidence. (*Sielbeck* v. *Grotham,* 248 Ill. 435.) Presumptions

are never indulged in against established facts. They are indulged in only to supply the place of facts. As soon as evidence is produced which is contrary to the presumption which arose before the contrary proof was offered the presumption vanishes entirely. (1 Jones' Com. on Evidence, 75.)

Appellant proved the execution of the contract upon which she bases her claim as a tenant in common with James Osborne and proved full payment of the purchase price to the vendor, and rested. To meet the *prima facie* case thus made by appellant, appellees introduced in evidence the bill for divorce filed by her against Osborne on June 27, 1922, in which she alleged that he was then the owner in fee simple, in his own right, of the property in question in this case and that she was then possessed of no property of any kind or character, and asked that he be enjoined from disposing of or encumbering his property so as to prevent her from obtaining alimony. These admissions against appellant's interest are competent evidence. (*Linn* v. *Clark,* 295 Ill. 22; *Allen* v. *United States Fidelity and Guaranty Co.* 269 id. 234; *Schmisseur* v. *Beatrie,* 147 id. 210; *Robbins* v. *Butler,* 24 id. 387; Annotation, 14 A. L. R. 22.) They stand in the record uncontradicted and unexplained, and overcome the presumption which arises from the fact that she is named with her husband as a vendee in the contract for deed. There is no evidence in the record showing that she has any interest in the property. The only proof of ownership is to the effect that James Osborne is the equitable owner of the lots.

The decree of the circuit court is affirmed.

*Decree affirmed.*