Delbert J. Rohr, Plaintiff and Counter-Defendant (Appellant), v. Henry Cluver, Administrator De Bonis Non, C.T.A., of the Estate of Herman Koester, Deceased, Defendant and Counter-Claimant (Appellee).

**Gen. No. 11,180.**

Second District, Second Division.

February 25, 1959.

Rehearing denied March 28, 1959.

Released for publication March 28, 1959.

Butz, Blanke and Stith, of Kankakee, for Delbert J. Rohr, plaintiff and counter-defendant (appellant).

Nelson, Brock, Shearon & Markwalder, of Watseka, and William G. Carr, of Chicago, and Stifler & Snyder, of Danville, for defendant-appellee.

JUSTICE SOLFISBURG delivered the opinion of the court.

The plaintiff originally filed his complaint to recover for personal injuries and property damage sustained on August 31, 1953, when his motor vehicle collided with the motor vehicle being driven by the defendant's intestate, Herman Koester. The defendant, personal representative of the deceased Herman Koester, denied liability for plaintiff's injuries and filed a counter-claim against the plaintiff for damages for the alleged wrongful death of the defendant's intestate. A trial was had before a jury and at the close of the plaintiff's evidence, a motion by the defendant for a directed verdict was allowed by the trial judge. A verdict of not guilty on the plaintiff's complaint was thereupon returned by the jury. Thereafter the trial proceeded upon the defendant's counter-claim for the alleged wrongful death of his intestate. At the conclusion of all the evidence, the counter-defendant filed a motion for directed verdict for the counter-defendant. The motion was denied by the trial judge. The jury subsequently returned a verdict for the defendant-counter-claimant upon his counter-claim in the sum of $20,000, and a judgment was entered upon that verdict by the trial court. The trial court denied the counter-defendant's post-trial motion which principally urged as error the ruling of the trial court directing the jury to return a verdict for the defendant upon

the plaintiff's complaint and the court's failure to direct a verdict for the counter-defendant upon the counter-claim. These two rulings are the chief grounds relied upon by plaintiff-counter-defendant in this appeal. No questions are raised on the pleadings.

This case involves the not uncommon fact situation in which there are no competent eyewitnesses to the collision. The evidence introduced by the parties consisted of photographs of the scene and the automobiles involved, and testimony of before-the-fact and after-the-fact witnesses.

Illinois State Route No. 49, the place where the automobiles were found, was a straight stretch of paved road two lanes in width. It was a clear, warm day on August 13, 1953, at about 1:40 P. M., the date and approximate time of this occurrence. It is undisputed that the plaintiff and counter-defendant was driving a 1953 Chrysler automobile north on Route 49 immediately prior to the collision. Plaintiff contended, and based his case on the premise, that defendant's intestate was driving a 1949 Dodge pick-up truck in a southerly direction on Route 49 and that the cars collided head-on in the lane for northbound traffic. The defendant, on the other hand, introduced testimony that prior to the collision, his intestate had left his farm to go to his cousin's farm to procure a wagon, and that to do so, the deceased, Herman Koester, would necessarily have been travelling in a northerly direction on Route 49. Thus, it was the defendant's position that rather than a head-on collision, this was a case where the Chrysler automobile, travelling at too great a speed, struck the rear of the Dodge pick-up truck which was proceeding in the same direction.

The first person to arrive at the scene following the collision observed the plaintiff crawling across the highway from east to west. The plaintiff's Chrysler automobile was in the ditch on the east side of the highway facing northeast, with the front end over a

fence which ran along the east side of the highway. The Dodge truck was observed lying on its left side facing in a southerly direction against and to the south of the Chrysler.

Several witnesses testified that there were two heavy skid marks from 10 to 25 feet long and 52 inches apart in the northbound lane of Route 49 east of the center line. At the north end of these skid marks there was debris on the pavement and there was some testimony that there was also debris on the east shoulder of the road. There was testimony that the tire marks from the Chrysler continued on the east shoulder of the highway in a northerly direction for some 100 feet from the skid marks and then veered off into a ditch to the fence line.

The fence line was approximately 15 feet east of the east edge of the highway. There a telephone pole on the fence line had been knocked down and the easterly-most skid mark headed directly to the place where the pole had stood. The east shoulder of the road was all torn up by crisscross skid marks.

The evidence in the record reveals that the damage to the pick-up truck was chiefly to the left rear, but that, in addition, the motor was pushed against the fire wall and part of the telephone pole was jammed into the body of the truck. Damage to the Chrysler automobile was to the front and principally to the right portion of the front.

Although the plaintiff and counter-defendant urges several grounds for reversal, in our opinion, only two require our consideration in this appeal. The first question presented is the issue as to whether or not the trial court properly directed a verdict against the plaintiff on his complaint. It is our conclusion that the trial court was correct in directing a verdict against the plaintiff on his complaint, for the reason that the plaintiff failed to produce any competent evi-

dence of his due care at and immediately prior to the time of the collision.

██ No authority need be cited for the long settled rule in this State that a claimant must affirmatively plead and prove his own due care. Even in the case where there are no competent eyewitnesses, the claimant is not relieved of this burden. Under Illinois law, where there is no eyewitness to an accident, who is competent to testify to the fact of due care on the part of a party, the exercise of due care may be shown by testimony as to careful habits. (Karlock v. New York Cent. R. Co., 333 Ill. App. 655; Hughes v. Wabash R. Co., 342 Ill. App. 159; Devine v. National Safe Deposit Co., 145 Ill. App. 322 [affirmed 240 Ill. 369]; Chicago v. Doolan, 99 Ill. App. 143.)

█ A motion for directed verdict or for judgment notwithstanding the verdict presents the single question whether there is in the record any evidence which, standing alone and taken with all its intendments most favorable to the party resisting the motion, tends to prove the material elements of his case. (Lindroth v. Walgreen Company, 407 Ill. 121; Gorczynski v. Nugent, 402 Ill. 147.)

█ In this case there was no evidence, direct or circumstantial, to prove plaintiff's exercise of due care for his own safety. Plaintiff did not introduce any evidence of habits of due care on his part. As a result, plaintiff failed to prove a material element in his case. Under such circumstances, the trial judge had no alternative when presented with a motion for directed verdict but to direct a verdict against the plaintiff on his complaint.

█ Plaintiff contends that, if he did not prove his due care, the defendant likewise failed to prove due care on the part of his decedent. However, such is not the fact. The record reveals that witnesses Breymeyer and Bernhard Koester, a brother of the dece-

dent, both testified to the effect that the defendant's decedent was a habitually cautious and careful driver. Plaintiff objected to witness Breymeyer's testimony on this point adduced on cross-examination, contending that it was outside the scope of direct examination. In any event, the witness Bernhard Koester testified to the same effect. The evidence of the defendant's decedent's careful driving habits was sufficient.

Plaintiff further urges that the evidence offered by the counter-claimant added nothing to sustain his claim over and above the evidence offered by the plaintiff and that the trial court, therefore, committed reversible error in refusing to direct a verdict for the counter-defendant on the counter-claim at the close of all the evidence. The rules pertaining to motions for a directed verdict are well established. On a motion to direct a verdict, the unimpeached evidence of the party against whom the motion is directed must be accepted as true, and the most favorable interpretation and inference such evidence will bear must be given it, and, if there is any evidence tending to support the claim of the party against whom the motion is made, it is error to direct a verdict. In considering a motion for a directed verdict, courts cannot weigh the evidence but are required to resolve all controverted questions of fact in favor of the parties opposing the motion. In determining whether the court erred in directing a verdict, it is immaterial upon which side the evidence is introduced. If evidence introduced by either side, with its legitimate and natural inferences, tends to establish the claim of the party opposing the motion, the motion should not be allowed. (Bay Island Drainage & Levee Dist. No. 1 v. Nussbaum, 388 Ill. 131; Hartman v. Goldblatt Bros., Inc., 19 Ill.App.2d 563.)

The plaintiff and counter-defendant sought to prove that this was a head-on collision in the plain-

tiff's proper lane of travel. It was the defendant's position that plaintiff struck the rear of defendant's decedent's truck while both were proceeding in the same northerly direction. The case rested almost wholly upon circumstantial evidence. We have examined the record with care. We conclude that there is sufficient evidence in the record to support the jury's verdict and that the rulings of the trial court were correct.

Accordingly, the judgment of the Circuit Court of Iroquois County is hereby affirmed.

Affirmed.

WRIGHT, P. J. and CROW, J., concur.