(No. 40380.—

LARRY McELROY, Appellee, *vs.* DOVIE FORCE, Admx. of the Estate of Harold Duane Robison, Appellant.

*Opinion filed Nov. 30, 1967.—Rehearing denied Jan. 18, 1968.*

Burton C. Bernard and Joseph R. Davidson, both of Granite City, for appellant.

Chapman and Strawn, of Granite City, (Morris B. Chapman, of counsel,) for appellee.

Mr. Justice Ward delivered the opinion of the court:

The plaintiff, Larry McElroy, brought an action against the defendant, Dovie Force, administratrix of Harold Robison, deceased, in the circuit court of Madison County to recover damages for injuries he sustained when the automobile in which he and the defendant's intestate were riding left the highway and collided with a concrete abutment. The jury returned a verdict against the defendant for $21,000 and judgment was entered on the verdict. On the defendant's appeal the Appellate Court for the Fifth District affirmed the judgment (75 Ill. App. 2d 441) and we granted leave to appeal. In his brief in this court the defendant contends that the judgment must be reversed in that judgment should have been entered in her favor, because an instruction given at the request of the plaintiff

peremptorily compelled the jury to conclude that the defendant's intestate was the driver, and because of improper argument by the attorney for the plaintiff. Our discussion is limited to these contentions.

On Saturday October 13, 1962, Larry McElroy, the plaintiff, and Harold Robison, the defendant's intestate, who planned to go out together that evening, met at Robison's home in Edwardsville. Both young men had cars which were available for use. At about 9:00 P.M. they took Robison's car and with Robison driving, went first to a place called the Corner Club. At about 10:00 P.M. they left the Corner Club and, with Robison continuing as the driver, proceeded to the Three Mile House. There was no direct evidence as to which of the two men was the driver of the car upon their leaving the Three Mile House. About an hour later, shortly after midnight, the wrecked car of Robison was found. The plaintiff had been injured; Robison was dead.

The testimony showed that prior to the occurrence the auto was travelling south along a two-lane highway just northwest of Edwardsville. After negotiating a sharp curve the vehicle crossed over the north bound lane onto the shoulder on that side of the road. As the car sped along the shoulder it turned partially sideways with its front toward the road. Then, the left front side of the vehicle struck a concrete abutment on the shoulder with great force, throwing the car into a creek bed below and onto its top. Robison was found dead underneath the rear end of the vehicle. The plaintiff was found injured on the shoulder of the road, a short distance from the concrete abutment.

Each party urges that the physical evidence of the occurrence supports its thesis as to the driver's identity but we believe that the appellate court correctly deemed the evidence inconclusive and properly stated that to resort to it to identify the driver would be to engage in speculation.

The pivotal issue in the case was: who was the vehicle's

driver at the time of the plaintiff's injury? Robison was dead. McElroy, the plaintiff, was precluded from testifying by the provisions of the Evidence Act (Ill. Rev. Stat. 1965, chap. 51, par. 2), and there were no other eye-witnesses. The trial court, over the defendant's objection, gave an instruction requested by the plaintiff which stated: "The Court instructs the jury that if you find from the preponderance of the evidence that at the time of the incident in question, Harold Duane Robison, deceased, was the owner of the Chevrolet automobile involved in the collision in question, then the presumption is that he was operating same at the time of the collision in question."

The defendant complains that the instruction improperly shifted the burden of proof as to the identity of the driver of the car from the plaintiff to the defendant by use of a presumption which could not be rebutted due to an absence of probative evidence as to the driver's identity. Alternatively, the defendant argues that even if such a presumption is to be recognized, the trial court erred in that it, in effect, directed the jury to infer from the fact of Robison's ownership of the car that he was its driver at the time of the occurrence, rather than leaving to the jury's own determination the weight to be accorded the fact of ownership.

In analyzing a presumption this court declared in *Trustees of Schools* v. *Lilly,* 373 Ill. 431 at 438: "A presumption is an inference which common sense draws from the known course of events or from circumstances usually occurring in such cases. (*Sears* v. *Vaughan,* 230 Ill. 572.)" We said in *Johnson* v. *Pendergast,* 308 Ill. 255 at 261: "Where two facts are so related to each other that in reason and human experience the existence of one may fairly be inferred from the other, the law may declare that proof of one shall be *prima facie* evidence of the existence of the other. Such a rule is one which the policy of the law and the ends of justice require, and in every case it is sufficient to authorize the finding of the fact presumed to exist unless

contradicted or explained." The specific question whether ownership of an auto raises a presumption of the owner's control was considered in *Robinson, Admx.* v. *Workman,* 9 Ill.2d 420, 427, and it was said by us: "It has also been held in automobile injury cases, that proof of ownership raises a presumption that the machine was under the defendant's control at the time of the accident, and the burden of rebutting this inference then passes to the latter." Although in that case there was physical evidence to support the position that the owner had been the driver, it is clear from our statement at page 428 that we considered the force of the presumption to be independent of such evidence.

The Supreme Court of Minnesota in *Sprader* v. *Mueller,* 265 Minn. 111, 121 N.W.2d 176, held that when the owner of a vehicle was an occupant of it at the time of a collision it was *prima facie* evidence that the owner was the driver at such time. The court said in part: "In the absence of direct evidence because of death or amnesia, and where, as here, the circumstantial evidence is wholly inconclusive, it is the duty of the court to hold that the owner was the driver when the accident occurred." See also: *Marean* v. *Petersen,* 144 N.W.2d 906.

There have been various expressions by the courts on this question. (See 32 A.L.R.2d 988, and Later Case Service, vol. 4, p. 54.) We believe that the rule which should govern in cases as here is that which already has been expressed by this court in *Robinson* v. *Workman,* 9 Ill.2d 420.

A rebuttable presumption, such as exists here, is not evidence in itself, but arises as a rule of law or legal conclusion from facts proved. (*Osborne* v. *Osborne,* 325 Ill. 229; *Brown* v. *Brown,* 329 Ill. 198; *Trustees of Schools* v. *Lilly,* 373 Ill. 431.) These presumptions "do not shift the burden of proof. Their only effect is to create the necessity of evidence to meet the *prima facie* case created thereby, and which, if no proof to the contrary is offered, will prevail." (*Helbig* v. *Citizens' Insurance Co.,* 234 Ill. 251, 257;

accord. *Brown* v. *Brown,* 329 Ill. 198; *Johnson* v. *Prendergast,* 308 Ill. 255.) Stated differently, the presence of a presumption in a case only has the effect of shifting to the party against whom it operates the burden of going forward and introducing evidence to meet the presumption. If evidence is introduced which is contrary to the presumption, the presumption will cease to operate. (*Osborne* v. *Osborne,* 325 Ill. 229; *Lohr* v. *Barkmann Cartage Co.,* 335 Ill. 335; *Miller* v. *Pettengill,* 392 Ill. 117.) However, where there is an absence of evidence to the contrary, the *prima facie* case created under the presumption will support a finding. See *Morrison* v. *Flowers,* 308 Ill. 189 at 195.

It cannot here plausibly be contended upon this record that judgment should have been entered for the defendant. Nor can it here be plausibly said that the defendant was prejudiced because the trial court in its instruction did not advise the jury that the presumption which might be formed by proof of the car's ownership was rebuttable. Under other circumstances a trial court might have drawn on an instruction such as IPI 50.07 to fashion an appropriate instruction to include the advice to the jury that the presumption, if formed, might be met by suitable evidence in explanation or contradiction. Here, there simply was no evidence which could be reasonably construed to meet the presumption, if created, that Robison, the deceased, was the driver at the time of the occurrence. What is known, other than the fact of the occurrence, suggests support for the presumption. The plaintiff had driven his auto, which was in fact owned by his mother, to the house of the deceased. It appears that the cars of the plaintiff and of Robison were available and the deceased's auto was selected for use. The deceased was the only person known to have driven his auto on the night in question. An instruction concerning the rebuttable quality of the presumption would not have related to any evidence presented and could have confused the jurors.

The defendant complains that the trial judge's refusal

to admit evidence as to the defendant intestate's careful habits, while he admitted evidence of plaintiff's careful habits, constituted error. The appellate court agreed with the complaint but found the error to be nonprejudicial under the circumstances, which the court stated clearly evidenced the wanton misconduct of the driver.

The plaintiff in a personal injury action has the burden of proving that the person injured exercised the proper degree of care for his own safety at the time of the occurrence. However, in wrongful death cases where there are no competent eyewitnesses the plaintiff cannot prove his decedent's exercise of due care by direct testimony. In such instances, considering the practical problem of demonstrating freedom from contributory negligence, evidence of the prior careful habits, if pertinent, of the deceased may be admitted as tending to prove the deceased's exercise of due care. *Casey* v. *Chicago Railways Co.*, 269 Ill. 386; *Stollery* v. *Cicero and Proviso Railway Co.*, 243 Ill. 290.

Here, the plaintiff, the only eyewitness to the occurrence, was not allowed, under the Evidence Act, to testify. In seeking to sustain his burden of proving that he had exercised due care, the plaintiff was faced with a practical difficulty similar to that of a plaintiff in a "no eyewitness" wrongful death case. Under the circumstances it was proper for the trial court to permit evidence of the plaintiff's habits of care. Also, see *City of Chicago* v. *Doolan*, 99 Ill. App. 143.

Considerations of hardship, which underlie our holdings which admit careful habit evidence for a plaintiff in wrongful death cases without eyewitnesses, present themselves just as forcefully under the instant circumstances so as to have warranted the introduction of such evidence by this plaintiff.

The defendant complains that there was serious error because portions of the plaintiff's attorney's argument to the jury were improper.

The plaintiff's attorney did say that the plaintiff's salary might have been a pittance to one of the defendant's attorney's financial means and that the defendant's attorney knew that he "is going to have to pay damages." Such statements were of course improper but they were made without objection at the time. The failure to object must be considered as a waiver of the objection. (*City of Chicago* v. *Vaccarro,* 408 Ill. 587; *Lindroth* v. *Walgreen Co.,* 407 Ill. 121.) The remarks were not of such a character that we may say a fair trial was denied to the defendant so as to warrant their consideration now, despite the absence of objection at trial, under *Belfield* v. *Coop,* 8 Ill.2d 293.

The judgment of the Appellate Court for the Fifth District is affirmed.

*Judgment affirmed.*