WILLIAM E. DOMINICK, Individually and as Administrator of the Estate of PHILLIP J. DOMINICK, Deceased, Plaintiff-Appellant, *v.* EDGAR EUGENE BEHRENDS, Defendant-Appellee.

(No. 11241;

Fourth District—November 19, 1970.

Harris & Harris, of Lincoln, and Edelman & Edelman, of Chicago, (Homer B. Harris, Jr., of counsel,) for appellant.

Armstrong, Winters, Prince and Tenney, of Decatur, (Robert D. Winters, of counsel,) for appellee.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

Plaintiff's intestate was killed when struck by the defendant's automobile as he was walking across a concrete highway around 8:30 on a dark and cloudy night. At the close of all of the evidence, the trial court directed a verdict in favor of the defendant on the ground that the evi-

dence failed to establish that the decedent was in the exercise of due care and caution for his own safety. We affirm.

■■ The girl friend of the decedent testified that the two of them were driving west from Lincoln in her automobile with the decedent driving. They stopped on the shoulder of the concrete highway (SBI Route 10), decedent got out of the car and the witness returned her car to the highway and headed toward home. She saw the defendant's car with both lights on. She did not see any of the occurrence events. Defendant was called under C.P.A., par. 60, Ill. Rev. Stat. 1969, ch. 110, par. 60, and stated that he was driving east, saw a parked car and when he was some 200 to 300 yards from the car it pulled on the road and headed west. Right after he passed the car, he first saw the decedent. He hit his brakes, swerved to the left and skidded. His car traveled about 50 feet after he saw the decedent before he hit him. He was traveling about 40 mph when he passed the car which had been parked. The decedent had taken one step south of the center line of the highway or was in the process of taking that step at the time he was hit. Defendant stated that he was not blinded by the headlights of the car which had been parked. He further stated that the time of the impact he was in both lanes of travel and headed slightly towards the northeast. The right-fender hood and windshield of the car were the points of impact. The body of the decedent was found on its stomach about six inches south of the concrete slab and defendant's car traveled about 55 feet after the impact. The testimony of the police officer confirms the distance following impact and the road and weather conditions. There were no skid marks. The defendant further testified that the decedent was apparently going south-southeast because he could see a part of his back at the time of the collision and likewise stated that he thought the decedent was about in the middle of the eastbound traffic when the impact occurred. It is this latter statement that furnishes the conflict which the plaintiff urges should have been submitted to a jury rather than decided as a question of law by the court. With this, we cannot agree. While the plaintiff was not bound to vouch for the veracity of the testimony of the defendant called under section 60 of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 60), he is bound by the uncontradicted and unrebutted testimony of such a witness. *Kapraun v. Kapraun*, 12 Ill.2d 348, 146 N.E.2d 7; *Murphy v. Vodden*, 109 Ill.App.2d 141, 248 N.E.2d 327.

■■ From this testimony as well as the physical evidence, the plaintiff urges that it can be logically argued that when the defendant saw the plaintiff's intestate for the first time in the middle of the road only 50 feet from him the defendant panicked, misjudged the situation and turned to the left when he should have turned to the right, that that maneuver

was not expected by the plaintiff's intestate and that had the defendant not changed direction, the decedent would not have been struck. It is further urged that a reasonable hypothesis is that the decedent had approached the center line and was waiting for the defendant's automobile to proceed in its natural direction on its own side of the pavement and was waiting for the car to pass. When the direction of the defendant's car changed, then the plaintiff's intestate acted naturally and instinctively and moved across the road to get out of the way. It is urged that the decedent must have seen the headlights turning toward him and in the last instant tried to get out of the way by moving toward the south or southeast as testified to by the defendant. The difficulty with these arguments is that they are wholly unsupported by an testimony or any reasonable inferences that might be drawn therefrom. In fact, the testimony rather effectively negates just such assumption and such speculation. The positive evidence is that the decedent was moving at all times. There is no evidence that he ever looked nor is there any evidence that had he looked he could not have seen the defendant's approaching car. The decedent's girl friend testified that she saw the oncoming headlights. There is no evidence that he was not moving forward at all times and had ever stopped. To undermine these observations, plaintiff suggests that there is a presumption in favor of the human instinct of self-preservation and the avoidance of danger and cites *Robinson v. Workman,* 9 Ill.2d 420, 137 N.E.2d 804. Such a rule is stated in that case. Assuming that such a presumption does exist in proper cases, it is of little or no value under the facts and circumstances here stated. As the Supreme Court said in *McElroy v. Force,* 38 Ill.2d 528, 533, 232 N.E.2d 708, 710, "State differently, the presence of a presumption in a case only has the effect of shifting to the party against whom it operates the burden of going forward and introducing evidence to meet the presumption. If evidence is introduced which is contrary to the presumption, the presumption will cease to operate. (Citations omitted.) However, where there is an absence of evidence to the contrary, the *prima facie* case created under the presumption will support a finding." The evidence credible in this record itself destroys the presumption and there is neither presumption, reasonable inferences nor facts suggesting that any action of the part of the defendant at and before the accident was that of a reasonably prudent individual.

■■ Numerous cases stating the rule or rules under which a court may properly direct a verdict are cited. We see no point in commenting on them. The words "some evidence", "scintilla of evidence", "any evidence", "reasonable minds", "substantial evidence", and like expressions were effectively laid to rest in *Pedrick v. Peoria & Eastern R.R. Co.,* 37 Ill.2d

494, 229 N.E.2d 504, and ought not be disinterred. The cold, blunt fact is that the evidence in this case supports neither presumptions nor reasonable inferences of due care. There was no conflict in the testimony. At most there is only the usual semantic witness variation from the precise. There are no facts from which the jury might reasonably presume or reasonably infer that the decedent was in the exercise of due care and caution for his own safety. A jury functions fruitlessly in an evidentiary vacuum. The trial court correctly applied the *Pedrick* rule and directed a verdict.

Judgment affirmed.

CRAVEN, P. J., and TRAPP, J., concur.