2020 IL App (2d) 190204-U
No. 2-19-0204
Order filed May 27, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| WEST BEND MUTUAL INSURANCE COMPANY, as Subrogee of Lisa Lewandowski, James Lewandowski, Preslie Lewandowski, and Nikolas Lewandowski, | ) ) ) ) ) | Appeal from the Circuit Court of McHenry County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 17-AR-297 |
| BRIAN BATES and MARGARITA AMARO | ) ) ) | |
| Defendants, | ) ) | Honorable Michael J. Chmiel |
| (Margarita Amaro, Defendant-Appellant). | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court.
Justices McLaren and Zenoff concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court's judgment finding defendant, an owner of a vehicle, liable for damages caused by a collision was not against manifest weight of the evidence when defendant failed to rebut the presumption of an agency relationship between herself and the driver of her vehicle.

¶ 2    Defendant, Margarita Amaro (Margarita), appeals the trial court's entry of judgment in favor of plaintiff, West Bend Mutual Insurance Company (West Bend), finding Margarita liable

for damages caused by Brian Bates's negligence in operating a vehicle she owned. Margarita contends that sufficient facts were presented at trial to rebut the presumption of agency between her and Bates. Additionally, she contends that her vehicle was not negligently entrusted to Bates. For the reasons that follow, we affirm the judgment of the trial court.

¶ 3                                    I. BACKGROUND

¶ 4     On September 14, 2017, West Bend filed a complaint in negligence against Margarita and Bates as suborgee of Lisa, James, Preslie, and Nikolas Lewandowski's rights under an insurance policy. The complaint alleged that Bates's negligent operation of a 2005 Chrysler Pacifica owned by Margarita caused a collision with the Lewandowski's vehicle, incurring $10,110.44 in damages. Margarita answered West Bend's complaint with general denials to allegations of her negligence. Bates did not file an answer or make an appearance before the trial court. On October 12, 2017, the trial court entered an order of default against Bates and on November 16, 2017, entered judgment against him in favor of West Bend in the amount of $10,110.44, plus costs. West Bend and Margarita proceeded to arbitration. On April 3, 2018, West Bend rejected the arbitration award and the matter was set for trial.

¶ 5     Prior to trial, the parties entered the following stipulations as to trial evidence relevant to this appeal. On October 17, 2016, Bates was operating a vehicle owned by Margarita when he caused a collision with a vehicle owned and operated by Lisa Lewandowski. Lisa's two children were passengers in her vehicle at the time of the collision. Bates was cited for failure to reduce speed to avoid an accident. As a result of the collision, Lisa's children required medical treatment for injuries sustained. Lisa's vehicle required repairs and a rental car was used during said repairs. Lisa paid a $250.00 deductible, and West Bend paid for damage to her vehicle, the rental car, and bodily injury claims pursuant to the uninsured motorist provision of their insurance policy,

incurring damages in the amount $10,110.44. The parties further stipulated that Margarita knew Bates on and before the October 17, 2016, accident.

¶ 6    Trial commenced on August 23, 2018, and Lisa Lewandowski was called first to testify. The record reflects her testimony as a detailed confirmation of the stipulated facts of the subject collision along with the subsequent medical treatment and vehicle repairs. The trial court admitted West Bend's exhibits reflecting the same throughout Lisa's testimony.

¶ 7    West Bend then called Brad Roberts, a senior claims representative with West Bend. Roberts testified as to his review of Lewandowski's insurance file and confirmed the accuracy of the alleged damages. West Bend then rested.

¶ 8    Margarita's daughter, Dolores Amaro (Dolores), was called to testify for the defense. She stated that she purchased the 2005 Chrysler Pacifica with Margarita as co-signer. Margarita appears on the title to the vehicle. Sometime later, Dolores purchased another vehicle and testified that she parked the Pacifica at her best friend, Alicia Vela's, apartment complex as she was forbidden from parking more than one vehicle at her own apartment complex. Alicia had her own vehicle and Dolores said that she never gave Alicia permission to drive the Pacifica, but left the keys in Alicia's possession in case it needed to be moved for snowplows or other emergencies.

¶ 9    Dolores testified that she knew Brian Bates as Alicia's cousin. She claimed that she never gave Bates permission to use the Pacifica for any reason. On the date of the subject collision with the Lewandowskis, Dolores was in the hospital following the birth of her baby. She stated that she did not learn of the accident until her mother informed her that she was being sued in the instant action. After learning of the accident, Dolores said that she located the Pacifica still parked at Alicia's apartment complex without any notable damage.

¶ 10    On cross-examination, Dolores admitted that Bates was at the hospital following the birth of her baby, six days before the accident, but maintained that she did not know him well. She had met Bates at Alicia's home on several occasions. She described their interactions as "just, like, passing." Although, Dolores testified that she never spoke to Bates, she later described that she discussed selling the Pacifica to him. After clarifying that the negotiations for the sale of the vehicle were conducted through Alicia, she testified to the sale terms. Dolores averred that Bates could have the Pacifica after paying her $1500 in three installments and securing title and insurance. She could not remember the date of this agreement or how long before the accident it was agreed upon. Dolores maintained that Bates did not have permission to take and use the Pacifica before completion of payment and registration and insurance put into Bates's name. She testified that Bates had paid her $425 at some point before the birth of her child. Dolores reiterated her testimony that Bates did not have permission to use the Pacifica. She said this explicit prohibition was communicated to Bates through Alicia because Dolores had never spoke with Bates.

¶ 11    Margarita next testified. She testified that she helped Dolores purchase the Pacifica but never used it herself. As to her relationship with Bates, Margarita said that she had only met him at the hospital following the birth of her granddaughter and never spoke with him. Margarita never gave Bates permission to use the vehicle, employed him in any way, or had him run any errands with the vehicle.

¶ 12    On cross-examination, Margarita said that she was introduced to Bates at the hospital but only exchanged salutary pleasantries. She testified that she met Alicia at the hospital in much the same manner. Margarita testified that she had no knowledge as to the Pacifica's storage at Alicia's apartment complex. She had no knowledge of Dolores's sale of the vehicle to Bates. She had no

knowledge of the vehicle's whereabouts at any point after purchasing it. She had no knowledge as to who was using the vehicle. She never filed a police report after receiving notice of the instant lawsuit. To her knowledge, ownership of the Pacifica had not been transferred to anyone else.

¶ 13    On October 17, 2018, the trial court issued its memorandum opinion order. The court found the testimony of Lisa Lewandowski and Brad Roberts to be credible, and the facts to be proven by a preponderance of the evidence. As to Dolores's testimony, the trial court found her testimony "to be generally credible but vague at times, and with regard to such times, her testimony is found to be less than credible." The trial court went on to specifically find Dolores's testimony "to be less than credible with regard to Mr. Bates having limited access to the Pacifica." Regarding Margarita's testimony, the trial court stated it "generally *** confirmed she knew Mr. Bates." The trial court found Margarita's testimony be credible.

¶ 14    The trial court then went on to ultimately find as follows:

"In further and carefully considering the allegations, testimony, and other evidence, along with the arguments of the parties, the Court finds *** Mr. Bates caused the collision with a vehicle which [was] negligently entrusted to him or otherwise allowed to be used by him, by [Margarita]. This collision resulted in damages of at least those sought under the Complaint and proved through testimony and other evidence presented. [Margarita] is found to liable for these damages which were paid by [West Bend]. As such, judgment should enter in favor of [West Bend] and against [Margarita] in the amount of $10,110.44 plus costs."

¶ 15    Margarita filed a motion to reconsider the trial court's finding in favor West Bend. Her motion argued that the trial court misapplied existing law when finding for West Bend based on negligent entrustment, a theory neither plead nor argued, when the evidence introduced at trial

could not support such finding. Margarita's motion further argued that West Bend failed to make a case for agency.

¶ 16    The trial court issued its decision and order as to Margarita's motion to reconsider on March 6, 2019. In denying Margarita's motion, the trial court stated as follows:

"In supplement, the Court *** notes and otherwise finds Margarita Amaro operated recklessly and with relative, if not complete, disregard to the use of the vehicle in question. She claimed to not know much about Brian Bates, but provided him with unfettered access to the vehicle. She should have investigated his capabilities before providing for the same. Alternatively, she should have limited or otherwise controlled his access to the vehicle. Accordingly, she is properly held responsible and liable for the damages which were sustained."

Margarita timely filed this appeal.

¶ 17                                    II. ANALYSIS

¶ 18    In this appeal, Margarita contends that she presented sufficient facts at trial to rebut the presumption of agency between herself and Bates. Additionally, she contends that the trial court's finding that she was liable for the negligent entrustment of her vehicle to Bates was against the manifest weight of the evidence. It is with Margarita's latter contention that we begin our analysis.

¶ 19    The standard of review we apply when a challenge is made to a trial court's ruling following a bench trial is whether the trial court's judgment is against the manifest weight of the evidence. *Eychaner v. Gross,* 202 Ill. 2d 228, 251 (2002); *Wildman, Harrold, Allen & Dixon v. Gaylord,* 317 Ill. App. 3d 590, 598 (2000). A trial court's judgment will be found against the manifest weight of the evidence when its findings appear to be unreasonable, arbitrary, or not based on evidence. *Gaylord,* at 599. This court must resolve questions of testimonial credibility in

favor of the prevailing party and draw from the evidence all reasonable inferences in support of the trial court's judgment. *Id.* (citing *H & H Press, Inc. v. Axelrod,* 265 Ill. App. 3d 670, 679 (1994)). We will not reverse a trial court's decision if differing conclusions can be drawn from conflicting testimony unless an opposite conclusion is clearly apparent. *Id.* (citing *Buckner v. Causey,* 311 Ill. App. 3d 139, 144 (1999)).

¶ 20    This court gives great deference to the trial court's findings because the trial court, as the trier of fact, is in an optimum position to observe the demeanor of witnesses while testifying, to judge their credibility, and to determine the weight their testimony and other evidence should receive. *Habitat Co. v. McClure,* 301 Ill. App. 3d 425, 440–41 (1998). We may affirm the trial court's decision on any basis supported by the record. *Reedy Industries, Inc. v. Hartford Insurance Co. of Illinois,* 306 Ill. App. 3d 989, 997 (1999).

¶ 21    West Bend did not raise a claim based on negligent entrustment in its complaint against Margarita. The record reflects that neither party ever argued liability based on a theory of negligent entrustment at trial. Indeed, the only time the term "negligent entrustment" appears in the record, prior to Margarita's motion to reconsider, was when the trial court used it in making its findings on Margarita's liability. Although the trial court's language seems to have convinced Margarita that its findings were based solely on negligent entrustment, the trial court's articulated findings, examined as a whole, are supported by the record and the evidence introduced at trial. Taken in its totality, the trial court specifically found that the subject vehicle was "negligently entrusted to [Bates] *or otherwise allowed to be used by him*." (Emphasis added.) As such, we do not believe that the trial court's language transformed its finding of liability from one based on an agency relationship between Margarita and Bates into one based on negligent entrustment. Our examination of the record supports the trial court's agency-based finding of Margarita's liability.

- 7 -

¶ 22    " "It is unquestioned that, as a matter of evidence, mere proof of one defendant's ownership of an automobile driven by another defendant is *prima facie* proof of agency, which if not rebutted will support a judgment for plaintiff, insofar as the proposition of agency is concerned." " *Bell v. Reid*, 118 Ill. App. 3d 310, 313 (1983); quoting *Parrino v. Landon*, 8 Ill. 2d 468, 470 (1956). In the present appeal, Margarita stipulated to her ownership of the subject vehicle. While West Bend retained its overall burden of proof, it was then incumbent upon Margarita to introduce evidence to show that Bates was in fact not acting in the capacity of an agent at the time of the collision with Lewandowski in order to overcome West Bend's *prima facie* case. *Bell*, 118 Ill. App. 3d at 313; citing *McElroy v. Force*, 38 Ill. 2d 528 (1967). If no such evidence is offered, the presumption will prevail and will alone support a finding of liability. *Bell*, 118 Ill. App. 3d at 314.

¶ 23    A plaintiff need not necessarily prove an employer-employee relationship to establish the presumption. *Id*. A plaintiff need to prove only that upon which the presumption is predicated unless the defendant introduces evidence contrary to it. *Id*. Whether the evidence adverse to the presumption is sufficient to overcome it are usually questions for the trier of fact. *Giannoble v. P & M Heating and Air Conditioning*, 233 Ill. App. 3d 1051, 1058 (1992). Whether there is any such evidence is a question of law, and on appeal the reviewing court can examine the record to determine if such evidence exists. *Bell*, 118 Ill. App. 3d at 314. If the evidence adverse to the presumption is strong and unquestionable, and if the plaintiff introduces no evidence to sustain its burden, a verdict may be entered for the defendant. *Giannoble*, 233 Ill. App 3d at 314.

¶ 24    Based on the parties' stipulations in the case-at-bar, the presumption of agency was undoubtedly established. Margarita admitted to owning the vehicle driven by Bates at the time of the collision leading to this litigation. Further, West Bend did not rely solely on the presumption of agency based on Margarita's ownership of the vehicle. West Bend's elicitation through cross-

examination of Dolores's testimony concerning her relationship and arrangement with Bates established a reasonable interpretation that she had relinquished control of the Pacifica at the time of the subject collision. West Bend's cross-examination of Dolores revealed that Bates had made a payment towards the sale of the Pacifica before the collision. This questioning and Dolores's resulting testimony led the trial court to reasonably conclude that Bates was allowed access and use of the Pacifica on the date of the collision. The trial court specifically found Dolores Amaro's testimony regarding her prohibition to Bates's operation of the Pacifica to be incredible. We can find no basis in the record to take issue with that credibility finding.

¶ 25    Margarita stipulated to knowing Bates prior to the collision but testified that her relationship with him was limited to an exchange of greetings at the hospital following the birth of her granddaughter. The remainder of her testimony, while found to be credible, did little other than establish that Margarita was completely ignorant as to the whereabouts or use of her Pacifica after purchasing it and surrendering its operation solely to Dolores. The trial court's supplemental findings regarding her liability further bolster a conclusion that the trier of fact did not believe the evidence introduced by Margarita overcame the established presumption of agency. See *supra* ¶ 16.

¶ 26    As the trial court was the trier of fact in this case, we must assume that it did not believe Margarita introduced any sufficient evidence to overcome the presumption of agency between her and Bates. Likewise, our review of the record does not reveal any such evidence to overcome that presumption as a matter of law. The only credible evidence introduced by Margarita, adverse to the presumption, were her denials that she employed Bates, had him run errands, or otherwise gave him permission to use the Pacifica. However, her testimony that she took no care to know where the Pacifica was or who was using it supports the trial court's finding that she operated "recklessly

and with relative, if not complete disregard to the use of the [Pacifica]." We cannot find that the evidence introduced by Margarita was strong and unquestionable to find, as a matter of law, the presumption of agency rebutted and the trial court's findings in favor of West Bend to be against the manifest weight of the evidence.

¶ 27 Therefore, based on the parties' stipulations to trial evidence, the established presumption of an agency relationship, the failure of Margarita to overcome that presumption, the trial court's credibility determinations, and the evidence reflected in the record on appeal, we affirm the trial court's finding that Margarita is liable for damages incurred by West Bend due to her ownership of the vehicle operated by Bates, causing the collision with the Lewandowski's vehicle.

¶ 28                                    III. CONCLUSION

¶ 29 For the foregoing reasons, we affirm the judgment of the Circuit Court of McHenry County.

¶ 30 Affirmed.