MARY GRAMS, f/k/a Mary DeRoo, Plaintiff-Appellee, v. AUTOZONE, INC., Defendant-Appellant.

Third District    No. 3—00—0492

Opinion filed March 12, 2001.

Peter R. Jennetten and R. Michael Henderson (argued), both of Quinn, Johnston, Henderson & Pretorius, Chartered, of Peoria, for appellant.

Stephen T. Fieweger (argued), of Katz, McHard, Balch, Lefstein & Fieweger, P.C., of Rock Island, for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

Plaintiff Mary Grams brought this action against defendant Autozone, Inc., to recover a statutory penalty pursuant to the Income Withholding for Support Act (Act) (750 ILCS 28/35 (West Supp. 1999)), for Autozone's failure to timely turn over child support withholdings. The court awarded Mary $20,700, and Autozone appealed. We affirm and hold that section 35 of the Act requires the imposition of a separate penalty of $100 per day against an employer for each consecutive withholding from an employee's paycheck that is not timely forwarded to the recipient.

## FACTS

The parties entered a stipulation of facts. They dispute only the method for calculating the penalty due under section 35 of the Act.

Within Mary and Thomas DeRoo's divorce decree, the court entered a child support withholding order, requiring Thomas' employer to withhold $220 each pay period from Thomas' paycheck. The withholding order was served upon Autozone on January 19, 1999.

Thomas was paid every two weeks. The pay periods ended every other Saturday, and he was paid the following Friday. Though Autozone did begin withholding $220 from each of Thomas' paychecks starting with the check he received February 19, 1999, Autozone admits it knowingly failed to turn over the withholdings it collected from that date through April 24, 1999. All later withholdings were

turned over in a timely manner. Collectively, Autozone failed to timely turn over six deductions.

The first deduction was mailed 69 days late. The second deduction was mailed 55 days late. The third deduction was mailed 41 days late. The fourth deduction was mailed 27 days late. The fifth deduction was mailed 13 days late. Finally, the sixth deduction was mailed two days late. Thus, while Autozone was out of compliance with section 35 for a total of 72 days straight, the sum of days late for all pay periods totals 207 days.

The trial court determined that the Act is not ambiguous and requires the imposition of a separate series of penalties for each pay period. Thus, the court awarded Mary $20,700: $100 per day multiplied by 207 days. Autozone appeals.

## ANALYSIS

█ █ The issue for our review is whether the trial court properly calculated the penalty award under the Act.

This appeal concerns a question of statutory interpretation. This court reviews the trial court's interpretation of a statute *de novo*. *In re Marriage of Wiseman*, 316 Ill. App. 3d 631, 737 N.E.2d 325 (2000).

Section 35 of the Act provides in pertinent part:

"The payor shall pay the amount withheld to the State Disbursement Unit within 7 business days after the date the amount would (but for the duty to withhold income) have been paid or credited to the obligor. If the payor knowingly fails to pay any amount withheld to the State Disbursement Unit within 7 business days after the date the amount would have been paid or credited to the obligor, the *payor shall pay a penalty of $100 for each day that the withheld amount is not paid* to the State Disbursement Unit after the period of 7 business days has expired. \*\*\* For purposes of this Act, a withheld amount shall be considered paid by a payor on the date it is mailed by the payor \*\*\*." (Emphasis added). 750 ILCS 28/35 (West Supp. 1999).

Autozone argues that the "withheld amount" language of the Act refers to all withheld amounts from multiple paychecks such that, at most, an employer can be charged only $100 per day for untimely payments no matter how many. Thus, the court should have assessed a penalty of $7,200. Mary contends that the Act requires a new penalty of $100 per day to be assessed for each withheld amount not timely forwarded to the payee. Autozone responds that Mary's construction of section 35 of the Act results in a "windfall" to the payee.

█ The primary rule of statutory construction, to which all other rules are subordinate, is to ascertain and give effect to the true intent of the legislature. *Dunahee v. Chenoa Welding & Fabrication, Inc.*, 273 Ill. App. 3d 201, 652 N.E.2d 438 (1995). In determining the legislative

intent, a court should first consider the statutory language. A court may only look beyond statutory language where it is ambiguous or where a literal interpretation of the statute would lead to an absurd result. *Advincula v. United Blood Services*, 176 Ill. 2d 1, 678 N.E.2d 1009 (1996). When the statutory language is clear, it will be given effect without resort to other aids for construction. *Dunahee*, 273 Ill. App. 3d at 205, 652 N.E.2d at 442.

In determining legislative intent, a court may consider the reason and necessity for the law, the evils to be remedied, and the objects to be obtained. *State Farm Fire & Casualty Co. v. Yapejian*, 152 Ill. 2d 533, 605 N.E.2d 539 (1992).

The *Dunahee* court is the only court to examine the $100-per-day penalty assessed to employers who make untimely payments. In *Dunahee*, the issue before the court, however, was whether the penalty was mandatory. The court did not determine how to calculate the penalty, but merely remanded to the trial court to do so. Accordingly, the issue of how the statutory penalty should be assessed under section 35 of the Act is one of first impression.

The rules of statutory construction dictate that we not look beyond the plain language of the Act, unless its meaning is ambiguous or a literal interpretation would yield an absurd result. We find section 35 of the Act to be neither ambiguous nor absurd.

■ Section 35 specifically states that a $100 penalty will be assessed for each day *"the* withheld amount" is not timely paid, indicating a single deduction. (Emphasis added.) 750 ILCS 28/35 (West Supp. 1999). Elsewhere within section 35, the legislature specifically discusses "amounts withheld," or the combining of deductions. Had the legislature intended a single $100-per-day penalty to apply to combined deductions not timely paid, it could have indicated so by providing that a $100 penalty would be assessed for each day that "all withheld amounts" are not timely paid.

Though Autozone contends that a plain reading of section 35 results in an absurdity because such "exponentially increasing fines" could be devastating to any business, we cannot agree. While the penalty was thought to be harsh by some legislators, it was justified on the basis that it would apply only to the employer who knowingly fails to turn over withholdings in a timely fashion. *Dunahee*, 273 Ill. App. 3d at 207-08, 652 N.E.2d at 444. Additionally, the penalty is justified on the basis that noncompliance with a child support withholding order by an employer may place a substantial burden on a child support obligee, who could be forced to miss mortgage payments or postpone purchasing necessities for a child until the overdue payment arrives. Without the penalty, an employer may be tempted to not timely forward withholdings in order to use those funds to its

advantage, such as, to support its business operation or to allow money invested to yield a higher return. *Dunahee*, 273 Ill. App. 3d at 208, 652 N.E.2d at 444.

Autozone also argues that the absurdity in so construing section 35 is further evidenced by the fact that a lower fine would be imposed upon the employer who fails to turn over withholdings from an employee paid monthly than upon the same employer if the employee was paid weekly. The difference becomes clear by example.

Suppose employee X is paid $1,000 per week at the end of every week and has $200 in child support obligations withheld from that paycheck. Employee Y is paid $4,000 per month at the end of every month and has $800 withheld from that paycheck. If the employer of both X and Y knowingly fails to turn over withholdings for one full month from the date of each employees' payroll due date, the recipient of X's withholdings will be entitled to a penalty of $12,000 while the recipient of Y's withholdings will be entitled to a penalty of $3,000.

Autozone would argue that this is absurd. We disagree. A separate violation occurs each time an employer knowingly fails to remit an amount that it has withheld from an employee's paycheck. Under Autozone's interpretation of the statute, the penalty could be assessed only for the first of a series of violations. Such construction would undermine the purpose of the Act, which is to promote self-enforcement and to deter future noncompliance by the employer. See *Dunahee*, 273 Ill. App. 3d at 208, 652 N.E.2d at 444; *ESG Watts, Inc. v. Pollution Control Board*, 282 Ill. App. 3d 43, 668 N.E.2d 1015 (1996) (primary purpose of civil penalties is to aid in the enforcement of the statute at issue).

Additionally, by putting oneself in the shoes of the recipients of the withholdings, it becomes clear that the penalty assessments are not absurd, for the recipient of X's withholdings awaits that payment each week and budgets accordingly. When not paid each week, that recipient immediately suffers a hardship and, quite probably, lacks the income to purchase necessities for the child. The fact that the penalty assessment may result in a "windfall" to the recipient is irrelevant because the penalty is not solely related to the hardship suffered by the recipient. See *Dunahee*, 273 Ill. App. 3d at 208, 652 N.E.2d at 444. Accordingly, we determine that it is not absurd that the employer who pays its employees weekly rather than monthly will be penalized to a higher degree when it fails to turn over those withholdings.

Finally, Autozone contends that the amount of the fine imposed is unjust because Autozone could have been fined a total of just $200 under section 50 of the Act (750 ILCS 28/50 (West 1998)), if it had entirely failed to withhold the child support payments from Thomas' paycheck. Section 50 imposes a $200 penalty upon the employer who

discharges, disciplines, fails to hire, or otherwise penalizes an employee because the employee is subject to the mandatory withholding provision. Its application is irrelevant to the issue before us. Accordingly, we affirm the trial court's penalty assessment against Autozone in the amount of $20,700.

For the foregoing reasons, the judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

HOMER, P.J., concurs.

JUSTICE SLATER, dissenting:

The penalty provision is susceptible of varying interpretation. Because Autozone was out of compliance for 72 days and the statute imposes a penalty of $100 per day, I believe the proper penalty to be $7,200.