NO. 4-03-0820

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

JOHN WHITLEDGE, NICOLE BUNDY, EDWARD WHITE AND CHRISTINE ROBINSON,

          Plaintiffs-Appellees,

          v.

WILLIAM KLEIN,

          Defendant,

          and

NOLAN REAL ESTATE SERVICES, INC., and K.C. CHATHAM HILLS, LLC,

          Defendants-Appellants.    

)

)

)

)

)

)

)

)

)

)

Appeal from 

Circuit Court of

Sangamon County

No. 00L200

Honorable

Leslie J. Graves,

Judge Presiding.

_________________________________________________________________

JUSTICE MYERSCOUGH delivered the opinion of the court:

This matter is before the court pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308) and presents four questions certified for review.  The questions are as follows:

"
[(1)] Do lease provisions of a tenant's residential lease--which provide in substance that the landlord shall not be responsible for property damage to the tenant's personal property in case of accident and that the tenant is to purchase and look solely to his own rental insurance for any such loss--require dismissal of such tenant's suit for property damage due to fire allegedly caused by the negligence of the owner/property manager, where the tenant in fact purchases such rental insurance and recovers thereunder for such property damage?

[(2)] Does the Landlord and Tenant Act [(Act) (765 ILCS 705/1 through 5 (West 2000))] prohibit the preclusive effect of the lease language set forth in [q]uestion 1?

[(3)] Where the suit described in [(1)] above is actually being pursued by the tenant's subrogated rental insurer, in the name of the tenant, shall such insurer be afforded the same protections as its tenant under the [Act]?

[(4)] Shall the [p]laintiffs' claims against Nolan Real Estate Services, Inc.[,] and K.C. Chatham Hills, LLC, be dismissed pursuant to [section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2000))] as a result of the language contained within each [p]laintiff's respective lease?"

Because we answer the second question in the affirmative, questions one and four must be answered in the negative.  We answer question three in the affirmative.

I. BACKGROUND

The relevant facts are not in dispute.  On April 5, 2001, plaintiffs, John Whitledge, Nicole Bundy, Edward White, and Christine Robinson, each filed a first-amended complaint against defendants, Nolan Real Estate Services, Inc. (Nolan), and William Klein, as an employee or agent of Nolan, for negligence related to its fireplaces in the apartments.  The plaintiffs all lived in separate apartments in Chatham Hills Apartments, which was managed by Nolan.  The complaint alleged that as a direct result of Nolan's negligence, on February 19, 1997, a fire occurred at Chatham Hills Apartments causing severe damage to plaintiffs' property.  Plaintiff John Whitledge started a fire in his fireplace, which spread beyond the firebox and into other units.

On May 10, 2001, Nolan filed a motion to dismiss plaintiffs' first-amended complaint pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2000)).  The motion argued that because each plaintiff had been reimbursed by his or her own insurance company for the loss of his or her property, the complaint should be filed in the name of their respective insurance companies or for the use of their respective companies.  The motion further alleged the action was barred by certain lease provisions in effect at the time of the fire.  Nolan alleged each plaintiff's lease contained the following provision:

"Resident understands and agrees it shall be Resident's own obligation to ensure Resident's property and persons for whom Resident is or may be responsible.  The owner is not responsible for Resident's property in case of accident."

Plaintiff John Whitledge's lease contained a separate endorsement that read, in pertinent part, as follows:

"THIS LETTER IS TO ADVISE YOU THAT UPON BECOMING A RESIDENT OF CHATHAM HILLS APARTMENTS, IT WILL BE YOUR RESPONSIBILITY TO CARRY RENTERS['] INSURANCE.

THE INSURANCE IS TO PROVIDE PROTECTION FOR YOUR PERSONAL POSSESSIONS.  CHATHAM HILLS APARTMENTS IS NOT RESPONSIBLE FOR YOUR PROPERTY IN CASE OF AN ACCIDENT."

Plaintiff Edward White's lease contained a similar endorsement.  Nolan argued that "[a] number of court decisions in Illinois have indicated that, in the event property is damaged due to fire[,] *** certain provisions in a lease agreement can bar recovery of property damage caused by the fire where available insurance exists to cover such property damage.  An express provision of the lease may provide such exculpation, or such an intent can be inferred from the lease as a whole."  Nolan cited 
Dix Mutual Insurance Co. v. LaFramboise
, 149 Ill. 2d 314, 597 N.E.2d 622 (1992), for this proposition.

On June 20, 2001, plaintiffs filed a response to Nolan's motion to dismiss, arguing Illinois case law and statute prohibit Nolan from escaping liability for his negligence.  Specifically, plaintiffs argued Nolan was seeking a "reverse application" of the 
Dix
 decision and that section 1 of the Act prevented Nolan from using language in the lease to escape liability.  Section 1 of the Act provides as follows:

"Every covenant, agreement[,] or understanding in or in connection with or collateral to any lease of real property, exempting the lessor from liability for damages for injuries to person or property caused by or resulting from the negligence of the lessor, his or her agents, servants[,] or employees, in the operation or maintenance of the demised premises or the real property containing the demised premises shall be deemed to be void as against public policy and wholly unenforceable."  765 ILCS 705/1 (West 2000).

On February 26, 2002, following a hearing, the trial court denied Nolan's motion to dismiss.  On March 22, 2002, Nolan filed a motion to reconsider and a motion to certify questions to this court pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308).  On June 12, 2002, the court denied Nolan's motion to certify questions because the court did not believe that interlocutory appeal resolved all issues in this matter.  On December 23, 2002, plaintiffs filed a second-amended complaint, and on August 18, 2003, Nolan filed another motion to certify questions stating plaintiffs were in agreement to a certification.  On September 16, 2003, the court entered an order pursuant to Rule 308 certifying the questions stated above.

II. ANALYSIS

This court must address the second certified question first, because if the Act prohibits the preclusive effect of the lease language, then dismissal of plaintiffs' suit would not be required by those lease provisions.  To answer the second question, we must construe the Act.  "Because our decision today involves the construction of a statute, the question before us is one of law, and our review is 
de
 
novo
."  
Hutton v. Consolidated Grain & Barge Co.
, 341 Ill. App. 3d 401, 406, 795 N.E.2d 303, 307 (2003).
  We adhere to the familiar and well-settled rule of statutory construction that requires this court to ascertain and give effect to the intent of the legislature, which is best found in the plain language of the statute.  
City of Decatur v. Page
, 339 Ill. App. 3d 316, 320, 789 N.E.2d 1269, 1272 (2003).  We will go beyond the plain and ordinary meaning of the statutory language and employ aids for construction only if the statute is ambiguous or if a literal reading would lead to an absurd result.  
Grams v. Autozone, Inc.
, 319 Ill. App. 3d 567, 570, 745 N.E.2d 687, 690 (2001).
  "A statute is ambiguous if it is capable of more than one reasonable interpretation."  
In re Timothy T.
, 343 Ill. App. 3d 1260, 1263, 799 N.E.2d 994, 997 (2003).

Nolan argues the lease provisions are not exculpatory but merely compel tenant indemnification of a landlord and, therefore, are not prohibited by the Act.  Nolan asks this court to decline to follow cases that suggest the Act forbids not only exculpatory clauses but also clauses compelling tenant indemnification.
  Nolan cites 
McMinn v. Cavanaugh
, 177 Ill. App. 3d 353, 357, 532 N.E.2d 343, 345 (1988), where the First District held as follows:

"[A]n indemnity clause in a lease has the same effect as a lease exculpatory clause: the landlord does not pay.  We cannot believe that the legislature, while prohibiting landlords from avoiding paying claims through exculpation, intended to allow landlords to avoid paying claims through indemnity.  We hold that the Act, by clear and necessary implication, forbids indemnity agreements in leases as well as exculpatory agreements.
"

While this court is not bound to follow the decisions of other districts, when dealing with similar facts and circumstances, a compelling reason exists to do so.  
In re May 1991 Will County Grand Jury
, 152 Ill. 2d 381, 398, 604 N.E.2d 929, 938 (1992); see also 
People v. Antoine
, 286 Ill. App. 3d 920, 925, 676 N.E.2d 1374, 1377 (1997) ("
stare
 
decisis
 commands greater respect when, as here, at issue is a judicial construction of a statute").  

Nolan argues this court should decline to follow 
McMinn
 because (1) the plain language of the Act does not expressly prohibit indemnification clauses in a lease agreement, and (2) "not all efforts by a landlord to seek indemnification from its tenant implicate the common[-]law problems the Act sought to cure."  The First District found that "[t]he Act expressly forbids lease exculpatory agreements--not indemnity agreements."  
McMinn
, 177 Ill. App. 3d at 357, 532 N.E.2d at 345.  Nolan's argument that the plain language of the Act does not prohibit indemnification clauses was specifically rejected by the First District and does not provide a basis for departing from its holding.
  Moreover, we agree with the First District's rationale.  Statutes should be interpreted to avoid absurd results.  
Gerwin v. Livingston County Board
, 345 Ill. App. 3d 352, 361, 802 N.E.2d 410, 417 (2003).  An interpretation of the statute that would prohibit exculpatory clauses in leases but would permit landlords to nonetheless escape liability by requiring tenants to indemnify landlords for the landlord's own negligence is illogical.  As the First District noted, "[d]espite the distinction between exculpation and indemnification, an indemnity clause in a lease has the same effect as a lease exculpatory clause: the landlord does not pay."  
McMinn
, 177 Ill. App. 3d at 357, 532 N.E.2d at 345.  

We reiterate at this point that this matter is before the court on certified questions for review.  Therefore, the scope of our analysis is limited by the questions certified (
In re Detention of Bailey
, 317 Ill. App. 3d 1072, 1076, 740 N.E.2d 1146, 1149 (2000)), a
nd we may only address Nolan's argument within the context of those questions.  Nolan asserts the evil the Act sought to remedy was exculpation for negligence.  Nolan does not argue that the statute is ambiguous on its face; therefore, examination of the evils the legislature sought to cure may be inappropriate.
  See 
Grams
, 319 Ill. App. 3d at 569-70, 745 N.E.2d at 690.
  However, because this court has gone beyond the plain language of the statute and determined that a literal interpretation would yield an absurd result, we will address Nolan's argument.
  

We have previously interpreted "exculpation" to include at least some efforts by a landlord to seek "indemnification" from its tenant.  The question before us then is whether the Act prohibits lease language that, as characterized by Nolan, requires a tenant to indemnify a landlord for a fire allegedly caused by the landlord's negligence.  This is precisely the evil Nolan asserts the Act was written to prevent: a landlord escaping liability for its own negligence.  Other efforts at indemnification, not involving the landlord's negligence, are not a proper matter for our consideration at this time.  Nor is 
Nolan's argument that "[r]isk allocation through insurance is not an evil which the Act sought to cure."

Next, we consider whether the insurer shall be afforded the same protections as the tenants under the Act.  Nolan argues the insurance carriers do not warrant protection under the Act because "the Act was designed to correct the evil at common law of monopolistic landlords forcing tenants to accept lease agreements with 'take-it-or-leave-it' exculpatory lease provisions."  Even accepting that as true, another evil the Act was designed to correct, as noted by Nolan, was landlords avoiding liability for their own negligence.  If, in this case, the subrogee insurance carriers were not permitted to use the Act, the landlords would be able to do just that.  A subrogee-insurer stands in the shoes of its subrogor-insured, and we see no reason to depart from that rule.  See 
Insurance Co. of North America v. Andrew
, 206 Ill. App. 3d 515, 519, 564 N.E.2d 939, 942 (1990) (subrogee entitled to protections of statute applicable to subrogor).

III. CONCLUSION

The second certified question is answered in the affirmative.  Certified questions one and four are answered in the negative.  Question three is answered in the affirmative.

Certified questions answered.

KNECHT, P.J., and TURNER, J., concur.