No. 3-06-0681

Filed April 10, 2008

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2008

| | | |
|---|---|---|
| SAFECO INSURANCE COMPANY as subrogee of IOLA BEDNAR, | ) ) ) | Appeal from the Circuit Court of the Ninth Judicial Circuit Warren County, Illinois, and |
| Plaintiff-Appellant, | ) ) ) ) | from the Circuit Court of Cook County, Illinois, First Municipal District |
| v. | ) ) | |
| | ) ) | No. 05-L-25 (Warren County) 05-MI-16476 (Cook County) |
| | ) | |
| SUSAN M. JELEN, AVIS RENT A CAR SYSTEM, INC., STEVEN E. GREGORY, JEFF GREGORY, and STANLEY GREGORY, | ) ) ) ) | Honorable Gregory McClintock Judge Presiding, Warren County |
| | ) ) | Honorable |
| | ) | Cassandra Lewis |
| Defendants-Appellees. | ) | Judge Presiding, Cook County |

JUSTICE LYTTON delivered the Opinion of the Court:

Plaintiff, Safeco Insurance Company, brought an action against defendants, Susan Jelen, Avis Rent A Car System, Inc., Steven Gregory, Jeff Gregory and Stanley Gregory, for subrogation to recover medical expenses it paid on behalf of its insured, Iola Bednar, after Bednar was injured in an automobile accident. The complaint was initially filed in Cook County and then transferred to Warren County. Defendants filed motions to dismiss pursuant to sections 2-615 and 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2004); 735 ILCS 5/2-619 (West 2004)). The trial court granted the motions. Safeco appeals, arguing that the

trial court erred in (1) granting the 2-615 motions to dismiss, (2) granting the 2-619 motions to dismiss, and (3) transferring the case to Warren County.  We affirm in part and reverse in part.

On May 12, 2004, Iola Bednar, a Minnesota resident, was injured in an automobile accident in Warren County, Illinois. Bednar was a passenger in a minivan that collided with a truck driven by Steven Gregory and owned by Jeff and Stanley Gregory. The Gregorys are all residents of Illinois.  The minivan was driven by Susan Jelen, a Minnesota resident, and owned by Avis Rent A Car System, Inc., a company licensed to do business in Illinois.

Bednar was insured by Safeco Insurance Company, a company licensed to do business in Illinois and Minnesota.  As a result of the accident, Safeco paid $20,000 for Bednar's medical expenses. Safeco brought suit, as subrogee of Bednar, against Jelen, Avis and all three Gregorys to recover the $20,000 it paid on Bednar's behalf.  In the complaint, Safeco alleged that Jelen was negligent in driving the minivan (Count I), that Avis was legally responsible for Jelen's negligence based on an agency theory (Count II), that Steven Gregory was negligent in driving the truck (Count III), and that Jeff and Stanley Gregory were legally responsible for Steven's negligence based on a theory of agency (Counts IV and V).

Safeco initially filed its complaint in Cook County.  The Gregorys filed a motion to transfer venue and then requested the court to treat the motion as a motion to transfer on the grounds of forum non conveniens.  The trial court granted the motion on that basis.

2

After the case was transferred to Warren County, defendants filed numerous motions to dismiss. Jelen and Avis moved to dismiss Counts I and II of the complaint pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2004)), alleging that Minnesota's no-fault law should be applied to bar Safeco's subrogation claims. The Gregorys adopted and joined that motion. Jeff and Stanley Gregory also filed motions to dismiss Counts IV and V of the complaint pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2004)), alleging that Steven was not acting as their agent or employee at the time of the accident. The motions were supported by affidavits from all three Gregorys, stating that Steven was using the vehicle for his own personal use when the accident occurred.

The trial court granted defendants' 2-615 motions to dismiss, finding that Safeco's subrogation claim was a contract claim governed by Minnesota law, which precluded Safeco from seeking subrogation. The trial court also granted Jeff and Stanley Gregory's 2-619 motion to dismiss, finding that there was no agency liability.

ANALYSIS

I. 2-615 MOTIONS TO DISMISS

A.

Safeco argues that the trial court erred in granting the 2-615 motions to dismiss Counts I through III of its complaint, asserting that Illinois law should be applied in this case, and that under

3

Illinois law, it can proceed on its subrogation claim. Defendants respond that the trial court properly granted their motions to dismiss because Minnesota law should apply to preclude Safeco's claim for subrogation.

The pivotal issue in this case is whether Safeco's subrogation claim is a tort claim or a contract claim. Resolution of this issue determines whether Illinois or Minnesota law applies. If Minnesota law applies, Safeco may not seek subrogation against any of the defendants because Minnesota law forbids it. See Minn. Stat. § 65B.53, subd. 3 (2006); Milbrandt v. American Legion Post of Mora, 372 N.W.2d 702, 705 (Minn. Sup. Ct. 1985). Under Illinois law, Safeco stands in the shoes of Bednar and can seek subrogation. See 735 ILCS 5/2-403 (West 2004). Our standard of review for this issue is de novo. Barbara's Sales, Inc. v. Intel Corp., 367 Ill. App. 3d 1013, 1017, 857 N.E.2d 717, 721 (2006).

To resolve this issue, we look to the conflicts law in Illinois as the forum state. Esser v. McIntyre, 169 Ill. 2d 292, 297, 661 N.E.2d 1138, 1141 (1996). Illinois follows the Restatement (Second) of Conflicts of Law in making choice-of-law decisions. See Barbara's Sales, Inc., 367 Ill. App. 3d at 1018, 857 N.E.2d at 721-22. The Restatement employs different tests to determine which substantive law will apply based on the nature of the claim raised.

If the claim raised is a tort, the most significant relationship test is used. Restatement (Second) of Conflict of Laws § 145 (1971); Esser, 169 Ill. 2d at 297-98, 661 N.E.2d at

4

1141. Under the most significant relationship, the law of the state where place of the injury controls unless another state has a more significant relationship to the occurrence. Esser, 169 Ill. 2d at 298, 661 N.E.2d at 1141. When applying the most significant relationship test, a court should consider: (1) where the injury occurred; (2) where the conduct causing the injury occurred; (3) the domicile, residence, place of incorporation and place of business of the parties; and (4) where the relationship between the parties is centered. Esser, 169 Ill. 2d at 298, 661 N.E.2d at 1141.

If the claim raised is a contract, the most significant contacts test is used. Restatement (Second) of Conflict of Laws § 188 (1971); Westchester Fire Ins. Co. v. Heileman Brewing Co., Inc., 321 Ill. App. 3d 622, 628, 747 N.E.2d 955, 961 (2001). In the most significant contacts test, insurance contracts are governed by the location of the subject matter, the place of delivery of the contract, the domicile of the insured or the insurer, the place of the last act to give rise to a valid contract, the place of performance, or other place bearing a rational relationship to the general contract. Westchester Fire Ins. Co., 321 Ill. App. 3d at 628-29, 747 N.E.2d at 961.

B.

In a Florida case, Lincoln National Health and Casualty Insurance Co. v. Mitsubishi Motor Sales of America, Inc., 666 So.2d 159 (Fla. App. Ct. 1995), Alan Skowronek, a Connecticut resident, was injured when a rental car being driven by Kathleen Chew, a

5

California resident, struck him in Florida. <u>Lincoln National Health</u>, 666 So. 2d at 160. Lincoln National Health, Skowronek's insurer, paid Skowronek for medical and other expenses related to the accident. <u>Lincoln National Health</u>, 666 So. 2d at 160. Lincoln National Health then filed an action for equitable subrogation against Chew and the owner and lessors of the vehicle Chew was driving. <u>Lincoln National Health</u>, 666 So. 2d at 160.

In determining which state's law governed the subrogation claim, the Florida appellate court reversed the trial court's ruling and held that because the underlying action sounded in tort, the subrogation action was governed by the most significant relationship test. See <u>Lincoln National Health</u>, 666 So. 2d at 161-62. The court rejected the defendants' argument that Florida's choice of law principles pertaining to contracts should apply to the action because Lincoln's right of subrogation arose form the contract of insurance. Lincoln National Health, 666 So.2d at 161. The court explained:

> This is not an action between the insurer and the insured concerning matters governed by the contract. The claim asserted by Lincoln in Florida is for equitable subrogation against third-party tortfeasors with whom it has no contract for medical benefits paid to Skowronek. Such an action is a creature of equity that does not depend on contract, but which follows as a legal consequence of the acts and relationship of the parties. In such an action, the insurer's rights are dependent on

6

the insured's rights in tort against the third-party tortfeasor. The insurer, as subrogee, stands in the shoes of its insured with respect to the insured's tort claim against the tortfeasor. <u>Lincoln National Health</u>, 666 So. 2d at 161 (citations omitted).

The court concluded that Florida law applied to the subrogation claim because Florida was the state where the accident occurred and no other state had a more significant relationship to the occurrence or parties. <u>Lincoln National Health</u>, 666 So. 2d at 162.

Defendants cite a Wisconsin case, where the court came to a different conclusion. See <u>American Standard Insurance Co. of Wisconsin v. Cleveland</u>, 124 Wis. 2d 258, 369 N.W.2d 168 (Wis. App. Ct. 1985). In that case, the Wisconsin appellate court, without analysis, concluded that "[the insurer's] subrogation right is a purely contractual right derived from the insurance policy." <u>American Standard</u>, 124 Wis. 2d at 267, 369 N.W.2d at 173. The court then concluded that the subrogee's contractual right limited the subrogee's ability to act against the third-party tortfeasors.[1]

Defendants also ask us to consider a case recently decided by the Illinois Appellate Court for the First District, <u>Progressive Insurance Co. v. Williams</u>, ___ Ill. App. 3d ___, ___ N.E.2d ___ (2008). In that case, Progressive was the insurer of a Minnesota

---

[1] While the <u>American Standard</u> court used the most significant contacts test, it held that Wisconsin's subrogation law, allowing the insurer to recover from defendants, applied because the insurance policy was negotiated, entered into, issued and delivered in Wisconsin. 124 Wis. 2d at 267, 369 N.W.2d at 173.

7

resident injured in a traffic accident in Illinois. Progressive paid its insured for his injuries and then filed a subrogation claim against the other driver involved in the accident. The appellate court upheld the trial court's dismissal of the claim, finding that Progressive was not a bona fide subrogee, and thus had no standing to bring the action. Progressive Insurance Co., ___ Ill. App. 3d ___, ___ N.E.2d ___ (2008). In reaching its decision, the first district did not analyze whether the underlying action was based in contract or tort but simply assumed that Progressive's claim was contractual.

We reject the holdings in American Standard and Progressive and accept the Florida court's reasoning in Lincoln National Health. This is not a dispute between an insured and its insurer regarding interpretation of an insurance contract; rather, it is a claim by an insurer against third parties for tortious conduct. See Lincoln National Health, 666 So. 2d at 161. As a subrogee, Safeco stands in the shoes of Bednar, its insured, for purposes of enforcing Bednar's rights against third parties. See Whitledge v. Klein, 348 Ill. App. 3d 1059, 1064, 810 N.E.2d 303, 307 (2004); Signode Corp. v. Normandale Properties, 177 Ill. App. 3d 526, 528, 532 N.E.2d 482, 484 (1988); Continental Casualty Co. V. Polk Brothers, Inc., 120 Ill. App. 3d 395, 397, 457 N.E.2d 1271, 1273 (1983); London & Lancashire Indemnification Co. of America v. Tindall, 377 Ill. 308, 313, 36 N.E.2d 334, 337 (1941). There is no question that Bednar's claim against defendants would be based in tort. See Yacko v. Curtis, 339 Ill. App. 3d 299, 299, 789 N.E.2d

8

1274, 1274 (2003) ("tort suit" arose out of automobile accident); Wiker v. Pieprzyca-Berkes, 314 Ill. App.3d 421, 423, 732 N.E.2d 92, 94 (2000) (suit brought by plaintiff seeking compensation for injuries suffered as a result of automobile collision was a "tort action"). Thus, Safeco's claim should also be considered a tort claim. See Lincoln National Health, 666 So. 2d at 161.

Nevertheless, defendants contend that Minnesota law should apply because Minnesota, by adopting its no-fault law, has shown an interest in controlling how its residents are compensated from an accident. We disagree. According to the Minnesota legislature, the main purpose of Minnesota's no-fault system is "to relieve the severe economic distress of uncompensated victims of automobile accidents within this state." Minn. Stat. § 65.42(1) (2006) (emphasis added). This purpose is not furthered when an accident occurs outside of Minnesota. See Nodak Mutual Insurance Co. v. American Family Mutual Insurance Co., 604 N.W. 2d 91, 96 (Minn. Sup. Ct. 2000) (North Dakota law applied to subrogation claim of a Minnesota insurance company covering a Minnesota resident who was injured in auto accident in North Dakota).[2] Because this accident occurred in Illinois, Minnesota has no interest in regulating how Bednar and Safeco are compensated.

---

[2] The court in Progressive found Nodak inapplicable because the Minnesota Supreme Court did not address the issue of standing in Nodak. We disagree. By holding that the insurer could pursue its subrogation claim under North Dakota law, the Minnesota Supreme Court in Nodak implicitly found that the insurer had standing to sue as its insured's subrogee. If it had not, the action could not have gone forward.

9

C.

Since we have concluded that Safeco's claim should be considered a tort claim, we apply the most significant relationship test to determine whether Illinois or Minnesota law applies. See Esser v. McIntyre, 169 Ill. 2d 292, 297-98, 661 N.E.2d 1138, 1141 (1996). Here, the injury and the injury-causing conduct occurred in Illinois. Additionally, several of the defendants (the Gregorys and Avis Rent A Car) are domiciled or do business in Illinois. Finally, the relationship between the parties arose in Illinois because the accident occurred in Illinois and but for the accident, Bednar would have no relationship with the Gregorys or Avis Rent A Car. Thus, Illinois appears to have the most significant relationship to this case.

Because Illinois is the place of the injury, and no other state has a more significant interest in the occurrence or the parties, Illinois law applies. See Esser, 169 Ill. 2d at 298, 661 N.E.2d at 1141. The trial court erred in granting defendants' section 2-615 motions to dismiss Counts I through III.

II.  2-619 MOTIONS TO DISMISS

Safeco next argues that the trial court erred in granting the Gregorys' section 2-619 motions to dismiss Counts IV and V of the complaint.

A section 2-619 motion to dismiss provides a means of disposing of issues of law or easily proven issues of act at the outset of a case. In Marriage of Kohl, 334 Ill. App. 3d 867, 877, 778 N.E.2d 1169, 1177-78 (2002). Pursuant to section 2-619(a)(9)

10

of the Code, a cause of action should be dismissed when "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2004). An "affirmative matter" is something in the nature of a defense which negates the cause of action completely. Van Meter v. Darien Park Dist., 207 Ill. 2d at 359, 367, 799 N.E.2d at 273, 278 (2003).

When ruling on a section 2-619 motion to dismiss, the court may consider pleadings, affidavits and deposition transcripts, Kohl, 334 Ill. App. 3d at 877, 778 N.E.2d at 1178. If a defendant presents an adequate affidavit supporting his defense, the burden then shifts to the plaintiff. See Kedzie and 103rd Currency Exchange, Inc. v. Hodge, 156 Ill. 2d 112, 116, 619 N.E.2d 732, 735 (1993). If the facts asserted in an affidavit are not refuted by counteraffidavit, the court will take those facts as true nothwithstanding any contrary unsupported allegations in the plaintiff's pleadings. Kohl, 334 Ill. App. 3d at 877, 778 N.E.2d at 1178. We review a section 2-619 dismissal de novo. Van Meter, 207 Ill. 2d at 368, 799 N.E.2d at 278.

Here, the pleadings and other documents tendered in this case establish that Jeff and Stanley Gregory owned the truck Steven Gregory was driving at the time of the collision. The proof of ownership created a rebuttable presumption that an agency relationship existed. See Bell v. Reid, 118 Ill. App. 3d 310, 313, 454 N.E.2d 1117, 1119 (1983). That presumption was rebutted by the affidavits tendered by the Gregorys. In the affidavits, each of

11

the Gregorys attested that Steven was using the vehicle for his own personal use and was not acting as an employee or agent of Jeff or Stanley Gregory at the time of the accident.

The affidavits presented by defendants shifted the burden to Safeco to support its claim of agency liability. See Kedzie, 156 Ill. 2d 112, 116, 619 N.E.2d 732, 735. Safeco failed to tender any counteraffidavits to refute the facts presented by the Gregorys. Thus, the facts contained in the Gregorys' affidavits were properly deemed admitted. The trial court did not err in granting defendants' section 2-619 motions to dismiss.

### III. MOTION TO TRANSFER

Finally, Safeco argues that the Cook County Circuit Court erred in granting the Gregorys' motion to transfer this case to Warren County. However, Safeco has not tendered any part of the record from the Cook County proceedings in this appeal. Thus, we must presume that the Cook County Circuit Court properly granted the motion to transfer the case to Warren County. See In re Stephanie P., 341 Ill. App. 3d 887, 892, 794 N.E.2d 397, 400 (2003) (appellant has the duty to present a sufficiently complete record of the trial court proceedings to support a claim of error; in the absence of such a record, a reviewing court will presume that a trial court's order was in conformity with the law).

### CONCLUSION

The judgment of the Circuit Court of Warren County is affirmed in part and reversed in part; the judgment of the Circuit Court of Cook County is affirmed.

Affirmed in part and reversed in part.

HOLDRIDGE, J., concurring.

CARTER, J., concurring in part and dissenting in part:

I agree with the majority's conclusion that the section 2-619 motions to dismiss (735 ILCS 5/2-619 (West 2006)) and the motion to transfer the case to Warren County were properly granted. I dissent, however, because I disagree with the majority's ruling that the section 2-615 motions to dismiss (735 ILCS 5/2-615 (West 2006)) should have been denied.

Following American Standard Ins. Co. of Wisconsin v. Cleveland, 124 Wis. 2d 258, 267, 369 N.W.2d 168, 173 (Wis. Ct. App. 1985), I would find that the claim raised is one of contract and that the most significant contacts test must be used to determine whether the substantive law of Minnesota (forbids subrogation in this context) or Illinois (allows subrogation in this context) should apply. See Restatement (Second) of Conflict of Laws § 188 (1971); Westchester Fire Ins. Co. v. G. Heileman Brewing Co., Inc., 321 Ill. App. 3d 622, 628, 747 N.E.2d 955, 961 (2001). In the American Standard case, two Wisconsin residents, Ilerd Cleveland and Thomas McGree, were involved in a traffic accident in Minnesota. American Standard Ins. Co. of Wisconsin, 124 Wis. 2d at 260, 369 N.W.2d at 170. They were traveling in separate automobiles and Cleveland was 100% negligent in causing the accident. American Standard Ins. Co. of Wisconsin, 124 Wis. 2d at 260, 369 N.W.2d at 170. Both were insured by Wisconsin insurers under policies issued in Wisconsin. American Standard Ins. Co. of Wisconsin, 124 Wis. 2d at 260, 369 N.W.2d at 170. On appeal, one of the issues that the Wisconsin Appellate Court had to decide was whether to apply Wisconsin's subrogation law, which would allow American Standard to recover subrogation, or Minnesota's no-fault law, which prohibited contractual subrogation by insurers. American Standard Ins. Co. of Wisconsin, 124 Wis. 2d at 266-67, 369 N.W.2d at 173. The appellate court applied the most

significant contacts test and determined that Wisconsin's subrogation law controlled American Standard's right to recover subrogation. American Standard Ins. Co. of Wisconsin, 124 Wis. 2d at 267, 369 N.W.2d at 173. In so doing, the appellate court noted that, "American Standard's subrogation right (was) a purely contractual right derived from the insurance policy." American Standard Ins. Co. of Wisconsin, 124 Wis. 2d at 267, 369 N.W.2d at 173.

I would reach the same conclusion in the present case. Although an underlying tort gave rise to the injuries for which Safeco made payment, the claim raised in this suit is one of subrogation. The tort claim has been raised in a separate suit filed in Warren County by Iola Bednar against Susan Jelen and Steven Gregory. As with the insurer in American Standard, Safeco's right to subrogation is purely a contractual right derived from the relationship between the insurance company and the insured. See American Standard Ins. Co. of Wisconsin, 124 Wis. 2d at 267, 369 N.W.2d at 173. Safeco's claim, therefore, is a contract claim and must be analyzed under the most significant contacts test. See Restatement (Second) of Conflict of Laws § 188 (1971); Westchester Fire Ins. Co., 321 Ill. App. 3d at 628, 747 N.E.2d at 961. Minnesota, as the state where the contract was entered into, has the most significant contacts with this case. Minnesota law should be applied and Safeco should not be allowed to proceed on a claim for subrogation against the 2-615 defendants. I would find, therefore, that the Circuit Court properly granted the section 2-615 motions to dismiss.

For the reasons stated, I concur in part and respectfully dissent in part.